IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON EARL WHITE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-628-P |
| | § | |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 filed by Petitioner, Jason Earl White, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

## **I. BACKGROUND**

In 2007 a jury in Hood County, Texas, Case No. CR10077, found Petitioner guilty on three counts of aggravated sexual assault of a child, for which he received a 65-year sentence on each count, and four counts of indecency with a child, for which he received a 20-year sentence and three 8-year sentences. He was given 375 days of pre-sentence time

---

[1]Bobby Lumpkin has replaced Lorie Davis as director of the Correctional Institutions Division of the Texas Department of Criminal Justice and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

credit toward his sentences. SHR01,[2] vol. 2, 114-139, ECF No. 10-16. On retrial, the jury also found Petitioner guilty in Case No. 8888 on a single count of aggravated sexual assault of a child, for which he received a 40-year sentence. He was given 1,941 days of pre-sentence time credit toward his sentence. SHR02, vol. 2, 127, ECF No. 10-29. Petitioner's convictions were affirmed on appeal and, on January 14, 2009, the Texas Court of Criminal Appeals refused his petitions for discretionary review. SHR01, vol. 2, 161-76, ECF No. 10-16; SHR02, vol. 2, 151-66, ECF No. 10-29; Pet. 3, ECF No. 3. Petitioner does not assert that he sought writ of certiorari in the United States Supreme Court. Pet. 3, ECF No. 1. On June 22, 2017, Petitioner filed a petition for judgment nunc pro tunc seeking additional prior custody time credit for the period of October 17, 2002, through January 28, 2006, toward his 65-year sentences in Case No. CR10077, which was denied. SHR01, vol. 2, 179, ECF No. 10-16; SHR02, vol. 2, 169, ECF No. 10-29. Finally, on June 12, 2018, Petitioner filed two relevant state habeas-corpus applications, one for each case, which were denied by the Texas Court of Criminal Appeals.[3] Pet. 4, ECF No. 1; *Ex parte White*, Nos. WR-88,720-01 & WR-88,720-02, 2019 WL 2869118, at *1 (Tex. Crim. App. July 3,

---

[2] "SHR01" and SHR02" refer to the record of Petitioner's state habeas proceedings in WR-88,720-01 and WR-88,720-02, respectively.

[3] A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, the record reflects that Petitioner was represented in the state habeas proceedings by Clay Conrad. A prisoner represented by counsel is not entitled to the mailbox rule. *Cousin v. Lensing,* 310 F.3d 843, 847 (5th Cir. 2002). Thus, Petitioner is not given the benefit of the prison mailbox rule as it relates to his state habeas applications.

2019). This federal habeas petition challenging his convictions is deemed filed on June 12, 2019.[4] Pet. 10, ECF No. 1.

In three substantive grounds for relief, Petitioner raises the following questions:

QUESTION I:   The Texas Court of Criminal Appeals has decided a question of constitutional law, vindictive prosecution, contrary to or as an unreasonable application of federal law as determined by the United States Supreme Court.

QUESTION II:  The Texas Court of Criminal Appeals has decided a question of constitutional law, Petitioner's right to effective assistance of counsel, contrary to, or as an unreasonable application of federal law as determined by the United States Supreme Court.

QUESTION III: The Texas Court of Criminal appeals has decided, by avoiding, a question of Petitioner's right to due process of law in proper application of good time credits contrary to, and as an unreasonable application of good time credits contrary to, and as an unreasonable application of federal law, as determined by the United States Supreme Court.

Pet'r's Mem. 5, ECF No. 2.

Respondent contends that the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. 2244(d)(1). Resp't's Answer 5-9, ECF No. 17.

---

[4]A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts that he placed his federal petition in the prison mailing system on June 12, 2020. Pet. 10, ECF No. 1.

## II. LEGAL DISCUSSION

### A. Statute of Limitations

Title 28, United States Code, 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Petitioner challenges his 2007 state convictions, the limitations period commenced under subsection (A) on the date on which Petitioner's judgments of

conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgments became final upon expiration of the time that Petitioner had for filing a petition(s) for writ of certiorari in the United States Supreme Court on April 14, 2009, triggering the one-year limitations period, which expired one year later on April 14, 2010. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler,* 623 F.3d 222, 224 (5th Cir. 2010), *aff'd,* 565 U.S. 134 (2011); *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Therefore, Petitioner's federal petition was due on or before April 14, 2010, absent any tolling.

To the extent Petitioner challenges the prior custody credit received toward his 65-year sentences in Case No. CR10077, the limitations period commenced under subsection (D) on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A). For purposes of this provision, Petitioner knew or could have discovered with reasonable diligence the prior custody credit he received toward his 65-year sentences, as recited in the trial court's judgments of conviction, at the time of sentencing on February 8, 2007. SHR01 114, ECF No. 10-16; SHR02 127, ECF No. 10-29. Nevertheless, Respondent asserts that both subsection (A) and (D) apply and that the limitations period commenced on the same date in each instance on April 14, 2009. Resp't's Preliminary Answer 6-7, ECF No. 11. Allowing Petitioner all leeway then, his petition was due on or before April 14, 2010, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in 2244(d)(2) and/or as a matter of equity. The nunc pro tunc proceedings and Petitioner's state habeas applications, filed after limitations had already expired, did not operate to toll limitations under the statutory provision.[1] *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631 , 649 (2010). Petitioner does not assert, and there is no evidence in the record, that he was prevented in some extraordinary way from asserting his rights in state or federal court and he presents no new evidence to meet the actual-innocence exception. Instead, he urges that the Texas Court of Criminal Appeals "found no timeliness problem by deciding all issues decided on the merits and therefore no violation of the one year statute of limitations." Pet. 6, ECF No. 1. According to Petitioner, "all time delay was equitably tolled" by the state's highest court; thus "[t]here is no A.E.D.P.A. issue as to timeliness as

---

[1] Even if the nunc pro tunc proceedings had been filed within the one-year period, they would not have tolled limitations under the statutory provision as they did not concern the substance of Petitioner's convictions, but only the amount of time credits granted. *See Harrleson v. Swan,* 381 Fed. App'x 336, 2010 WL 2340827, at *2 (5th Cir. June 10, 2010); *Rush v. Director, TDCJ-CID,* No. 6:10-CV-82, 2010 WL 4226754, at *3-4 (E.D. Tex. June 28, 2010).

federal law holds the District Court bound to the state's highest court's ruling as to timeliness." *Id.* While it is true that Texas imposes no time limits on applications for habeas relief, provided the time elapsed is not so long as to trigger application of the doctrine of laches, this fact is irrelevant to the computation of the federal limitations period. *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1988). Nor does Petitioner's indigence and pro-se status justify equitably tolling. Pet'r's Mem. 9-11, ECF No. 2; *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000).

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition, in all respects, was due on or before April 14, 2010. His petition filed on June 12, 2019, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 is DISMISSED as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 30th day of September, 2020.

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE